IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DANIEL CUBA,                              )
                                          )
            Plaintiff,                    )        4:08CV3152
                                          )
      v.                                  )
                                          )
COUNTY OF FURNAS, NEBRASKA, a             )        MEMORANDUM AND ORDER
political subdivision, d/b/a              )
the FURNAS COUNTY SHERIFF                 )
DEPARTMENT,                               )
                                          )
            Defendant.                    )

   Hearing was held before me this date on the motion of the defendant, County of Furnas, for replevin of the canine, "Fistue," and the records of the canine (hereinafter collectively referred to as the "K-9 Unit" or "property").  Both parties were present in person or by representative and both were represented by counsel.  Evidence was adduced, consisting of the evidentiary materials previously filed by the parties.  See Filings 13, 16, and 19.  The court heard the arguments of counsel and made the ruling which appears below.

   The court finds generally in favor of the defendant movant and against the plaintiff respondent on the motion for replevin.  Defendant's evidence establishes that, while there are bona fide issues concerning whether the defendant may have abandoned ownership of the property, the defendant has demonstrated a special ownership interest in the property, and it is probable that the defendant will prevail on the merits of its pending

replevin claim, and that absent this order, the property would be further detained by the plaintiff. The court concludes, therefore, that the defendant is entitled to the immediate delivery of the property. In addition, based upon the information before it, the court finds that the value of the property is $5,000.00, subject to paragraph 3 of the order below. The court further finds that, unless one or both of the parties object, the nature of the property is such that the replevin action should be severed and bifurcated from the claims raised by the plaintiff for separate trial as soon as practicable. Accordingly,

IT THEREFORE HEREBY IS ORDERED:

1. Plaintiff shall, without damage or interference, deliver the property to the defendant forthwith.

2. The defendant shall post, not later than 9:00 a.m. on August 22, 2008, cash or a surety bond to the benefit of the plaintiff in the amount of $10,000.00 ensuring that defendant will duly prosecute the replevin action and pay all costs and damages which may be awarded against the defendant and return the property to the plaintiff in the event judgment in such replevin action is rendered in favor of the plaintiff.

3. The amount of the bond above stated may be reconsidered by the court upon motion duly filed, supported by the appraisals and valuations of two responsible, disinterested persons and such other evidence as may be filed. If such a motion is filed, the nonmoving party shall have five working days in which to file its response, supported by appropriate evidence, whereupon the matter will be deemed submitted.

4. The clerk shall issue the court's usual scheduling packet forthwith, and the parties are given until September 3, 2008 to file their Report of Planning Meeting.

5. The parties are given until September 3, 2008 to object to the bifurcation of this action to permit the scheduling of the trial on the replevin action as soon as practicable, in the absence of which an order of bifurcation and separate trial may be entered. In the event no objection is filed by said date, the

parties may nevertheless inform the court of their respective views respecting bifurcation and appropriate considerations attendant thereto in their Report of Planning Meeting pursuant to Fed. R.Civ. P. 26(f).

    DATED this 21st day of August, 2008.

                      BY THE COURT:

                        s/ *David L. Piester*
                      David L. Piester
                      United States Magistrate Judge